72 F.3d 136
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Arthur MACARMOUR, Defendant-Appellant.
 No. 94-30417.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 20, 1995.
Decided Dec. 6, 1995.
 
 1
 Before: REINHARDT AND TROTT, Circuit Judges, and SCHWARZER, District Judge*
 
 
 2
 MEMORANDUM**
 
 
 3
 The threshold issue on this appeal is whether the government breached its plea agreement, thereby voiding the defendant's waiver in the agreement of his appeal rights.
 
 
 4
 On July 27, 1994, defendant was charged in a nine-count superseding indictment with conspiracy, money laundering, and distribution and possession of illegal drugs. On August 4, 1994, the parties entered into a plea agreement, in which defendant agreed to plead guilty to Counts I through V, including conspiracy, distribution, money laundering, and communication charges, and the government agreed to dismiss Counts VI through IX (including communication and possession charges). The government also agreed to strike overt acts ten through fifteen from Count I, the conspiracy count, and not to offer evidence on the dismissed counts or the struck overt acts. The parties agreed that defendant would be sentenced at the middle of the applicable sentencing guideline range to be determined by the court, that a non-binding guideline calculation of Base Offense Level 28 would apply, and that a 3-level reduction for acceptance of responsibility would be made "if [defendant] qualifie[d] for it and continue[d] to qualify for it. This stipulation is conditioned on the defendant's complete and truthful disclosure to government agents and the probation office of all information requested."
 
 
 5
 Finally, in the plea agreement, the government reserved its appeal rights provided in the Sentencing Reform Act of 1984, and defendant waived certain enumerated rights, specifically including, "[t]he right to appeal or contest, directly or collaterally any sentence imposed which is within the parameters of my agreement." Neither the court nor the probation office were to be bound by the plea agreement, and, if rejected by the court, the agreement was to be terminated and defendant's guilty plea withdrawn.
 
 
 6
 On October 27, 1994, following submission of a Presentence Investigation Report, the parties' objections and sentencing memoranda, and a final Report, the court heard testimony and argument, thereafter sentencing defendant to 82 months imprisonment and a fine of $2,500. Defendant appeals from the sentence. We have jurisdiction under 18 U.S.C. Sec. 3742(a) and finding no breach of the plea agreement, we dismiss the appeal.
 
 
 7
 Defendant contends, first, that the sentence should be vacated because the government breached the terms and conditions of the plea agreement by presenting a federal investigator's testimony relating to the dismissed counts and overt acts. Second, defendant argues that his sentence should be vacated because the court erred by: (1) including the "value of the drugs" in both the money laundering count and the counts to distribute cocaine; (2) failing to depart from the sentencing guidelines because defendant was a deportable person; (3) failing to apply 18 U.S.C. Sec. 3353(f)(1)-(5); and (4) denying a three-level reduction for acceptance of responsibility.
 
 DISCUSSION
 
 8
 Review of an alleged violation of a plea agreement and waiver of the statutory right to appeal is de novo. United States v. Diamond, 53 F.3d 249, 252 (9th Cir.1995) (reviewing plea agreement violation); United States v. Gonzalez, 16 F.3d 985, 988 (9th Cir.1993) (reviewing waiver of right to appeal).
 
 
 9
 Under the terms of the plea agreement, defendant waived the right to appeal "any sentence imposed which is within the parameters of my agreement." The agreement specified a sentence at the mid-point of Base Offense Level 28; the sentence imposed was five months below the midpoint. Defendant does not, and could not, dispute that he was sentenced "within the parameters of [his] agreement." Thus, there was no violation of the plea agreement by reason of the sentence imposed.
 
 
 10
 Defendant contends, however, that the government breached the plea agreement by presenting at the sentencing hearing testimony of a federal investigator relating to the dismissed counts and struck overt acts. The investigator's testimony, to the degree it concerned conduct included in the dismissed counts and struck overt acts, was an appropriate response to defendant's testimony which mentioned this conduct in an attempt to minimize his role in the overall conspiracy. The government's agreement to refrain from offering testimony on certain counts and acts did not give defendant license to seek advantage by testifying on this conduct without fear of rebuttal.
 
 
 11
 Absent a government breach of the plea agreement, the defendant is bound by his waiver. We need not reach the other points raised by defendant.
 
 
 12
 The appeal is dismissed.
 
 
 
 *
 The Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3